In re Elio C. BELLUCCI, Debtor.

Michael B. KATZ, Trustee, Appellant,

v.

DEPARTMENT OF JUSTICE, TAX DIVISION, Appellee.

Bankruptcy Appeal No. 82-9062.

United States Bankruptcy Appellate Panel for the First Circuit.

May 31, 1983.

Michael B. Katz, pro se, and Bacon, Wilson, Ratner, Cohen, Salvage, Fialky & Fitzgerald, P.C., Springfield, Mass., for appellant.

Glenn L. Archer, Jr., Asst. Atty. Gen., D. Patrick Mullarkey, Robert G. Nath, for appellee, Dept. of Justice, Washington, D.C.

Before VOTOLATO, Chief Judge, and JOHNSON and GOODMAN, Bankruptcy Judges.

ARTHUR N. VOTOLATO, Jr., Chief Judge.

The trustee has appealed from the bankruptcy judge's November 9, 1982 order, 24 B.R. 493, denying his application for equitable subordination of a tax claim filed by the Internal Revenue Service. For the reasons discussed below, we affirm.

Elio Bellucci, the debtor, was a practicing attorney who lost his license due to misconduct, including the misuse of more than $500,000 of his clients' funds. On April 14, 1980 a group of Bellucci's defrauded clients filed an involuntary chapter 7 petition. The IRS filed a proof of claim for unpaid taxes and interest in the amount of approximately $345,000. The trustee filed an application requesting that the tax claim of the IRS be equitably subordinated to the claims of the defrauded clients. The application was denied on November 9, 1982, and the trustee appealed to the Bankruptcy Appellate Panel on November 19, 1982.

The trustee contends that equity demands that the IRS claim be subordinated to the claims of the debtor's defrauded clients, some of whom lost their life savings through his misconduct. 11 U.S.C. § 510(c)(1) provides that the bankruptcy court may:

> under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest....

The legislative history of that section states in part:

> It is intended that the term "principles of equitable subordination" follow existing case law and leave to the courts development of this principle. To date, under existing law, a claim is generally subordinated only if holder of such claim is guilty of inequitable conduct, or the claim itself is of a status susceptible to subordination, such as a penalty or a claim for

damages arising from the purchase or sale of a security of the debtor. The fact that such a claim may be secured is of no consequence to the issue of subordination. However, it is inconceivable that the status of a claim as a secured claim could ever be grounds for justifying equitable subordination.

124 Cong.Rec. H 11,095 (Sept. 28, 1978). Other sections of the congressional record specifically refer to tax claims:

> Section 510. Subordination: Since the House amendment authorizes subordination of claims only under principles of equitable subordination, and thus incorporates principles of existing case law, a tax claim would rarely be subordinated under this provision of the bill.

124 Cong.Rec. H 11,113 (Sept. 28, 1978). ■ The "principles of existing case law", *id.,* provide that some showing of fraud or inequitable conduct must exist before equitable subordination is appropriate. *See Wood v. Richmond (In re Branding Iron Steak House),* 536 F.2d 299 (9th Cir.1976). The Court of Appeals for the Fifth Circuit summarized the case law in this area by enunciating three conditions necessary for the application of the doctrine of equitable subordination: (1) the subordinated creditor has engaged in some type of inequitable conduct; (2) such conduct resulted in injury to other creditors or conferred an unfair advantage on the subordinated creditor; and (3) equitable subordination is not inconsistent with the provisions of the Bankruptcy Act. *Benjamin v. Diamond (In re Mobile Steel Co.),* 563 F.2d 692 (5th Cir.1977); *see also Nicholson v. Core (In re Carolee's Combine, Inc.),* 3 B.R. 324 (Bkrtcy.N.D.Ga.1980).

■ The bankruptcy judge applied the controlling law cited above in denying the request for equitable subordination. He found that the facts of this case were less compelling than those of *Department of Revenue v. Heyman (In re Koenecke & Sons, Inc.),* 533 F.2d 1020 (7th Cir.1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 734, 50 L.Ed.2d 749 (1977) (involving improper conduct by state Department of Revenue employees), where the Seventh Circuit Court of Appeals reversed the district and bankruptcy courts and refused to subordinate the state tax claim. There has been no showing that the bankruptcy judge abused his discretion or that his findings are clearly erroneous. *See* Rule 16, First Circuit Rules Governing Appeals from Bankruptcy Judges to District Courts, Appellate Panels and Court of Appeals. Accordingly, the November 9, 1982 order of the bankruptcy court is affirmed.