**In re GRAF BROS. INC., Debtor.**

**Bankruptcy No. 182–00193.**

United States Bankruptcy Court,
D. Maine.

March 27, 1984.

Joseph Albanese, Ordway, Delicata & Albanese, Biddeford, Maine, trustee.

Paul D. Barker, U.S. Dept. of Justice, Tax Div., Washington, D.C.

MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

On July 22, 1983, the trustee filed an amended application to determine tax liability, in part objecting to claims of the Internal Revenue Service for Highway Use Taxes. The facts are undisputed. The tax in question is for highway use for the tax year commencing July 1, 1981 and ending June 30, 1982.[1] *See* 26 U.S.C.A. §§ 4481 *et seq.* (1980). An *entire* year's tax is imposed upon any taxable motor vehicle which uses the public highways during the first month of the tax year (here, July of 1981). *See* 26 C.F.R. § 41.4481–1 (1983). The debtor's trucks used the public highways from July, 1981 through December 31, 1981. On the latter date, the debtor ceased operating its business and discontinued use of the public highways. The trustee argues that the estate is entitled to a pro rata reduction of the tax due because the debtor did not use the public highways from January 1, 1982 to the end of the tax year in question. His argument is based upon two legal theories: (1) that the payment of the tax without proration for discontinued use would amount to a penalty; and (2) that if the tax is not a penalty, it should be equitably subordinated.

■ The Court disagrees. It is clear from the statute imposing the tax that Congress intended the tax to go into effect during the month of a vehicle's first use, and that no refund or proration apply in the event of a discontinued use at any time during that taxable year. Title 26 U.S.C.A. § 4481(c) is clear in its intent and meaning:

(c) Proration of tax.—If in any taxable period the first use of the highway motor vehicle is after the first month in such period, the tax shall be reckoned proportionately from the first day of the month

---

1. The Internal Revenue Service claims that the tax due is $3,960.00, plus interest of $97.64. The trustee does not dispute the amount.

in which such use occurs to and including the last day in such taxable period.

Congress made no corresponding provision for proration where use of the highways is discontinued prior to the end of the taxable period. Thus, Treasury Department Regulations in effect since at least 1977 state:

> Since the tax is measured from the first day of the month in which the first taxable use of a highway motor vehicle is made, the fact that the vehicle is later sold, destroyed, junked, or otherwise disposed of in the taxable period does not affect the computation of the tax on the use of such vehicle for such taxable period, or give rise to a right to refund or credit. Likewise, the fact that the use of a highway motor vehicle during the taxable period is discontinued or is of an exempt nature in a later part of the taxable period does not affect the computation of the tax or give rise to a right to refund or credit.

26 C.F.R. § 41.4481–(c)(3) (1983).[2]

Congress' failure to permit proration does not convert the highway use tax into a "penalty" as that term is used in 11 U.S.C. § 726(a)(4). Section 726(a)(4) "provides that *punitive* penalties, including prepetition tax penalties, are subordinated to the payment of all other classes of claims, except claims for interest accruing during the case." S.Rep. No. 95–989, 95th Cong., 2d Sess. 97 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5883 (emphasis added) *reprinted in* 3 app. *Collier on Bankruptcy* 97 (15th ed. 1983). As the Supreme Court noted in a case decided under the former Bankruptcy Act of 1898, which prohibited all tax penalties in bankruptcy,

> the prohibition of all tax penalties in bankruptcy is wholly consistent with the policy of the penalty provisions themselves. Tax penalties are imposed at least in part as punitive measures

against persons who have been guilty of some default or wrong. Enforcement of penalties against the estates of bankrupts, however, would serve not to punish the delinquent taxpayers, but rather their entirely innocent creditors.

*Simonson v. Granquist,* 369 U.S. 38, 40–41, 82 S.Ct. 537, 539, 7 L.Ed.2d 557 (1962) (footnote omitted). It appears that the highway use tax is imposed not as a *punitive* measure, but rather as a means of allocating the cost of the construction, upkeep, and maintenance of the nation's highway system to those who most benefit therefrom. Congress' failure to permit proration of the tax upon discontinuance of use is not a "punitive measure[ ] against persons who have been guilty of some default or wrong." Given the facts before it, this Court need look no further to determine that the tax here in question is not a penalty.

■ This Court also disagrees with the trustee's argument that even if the tax does not have the status of a penalty, the claim should still be subordinated under this Court's equitable power pursuant to 11 U.S.C. § 510(c). That section provides that the bankruptcy court may *"under principles of equitable subordination,* subordinate for purposes of distribution all or part of an allowed claim...."* (emphasis added). Some showing of fraud or inequitable conduct must exist before equitable subordination is appropriate. *Katz v. Department of Justice (In re Bellucci),* 29 B.R. 814, 815, 10 B.C.D. 721, 721 (Bkrtcy.App. 1st Cir.1983). No such showing was made here. Finding that the tax claim here at issue is neither a claim in the nature of a penalty nor subject to equitable subordination, the Court shall deny the trustee's objections thereto.

**2.** Additional support for the Court's conclusion can be found in an amendment to 26 U.S.C.A. § 4481 which becomes effective on July 1, 1984. It provides for proration of the highway use tax where the "motor vehicle is destroyed or stolen before the first day of the last month in such period and not subsequently used during such

taxable period...." *See* P.L. 97–424, Title V, § 513(a), (d), (f) (Jan. 6, 1983), 96 Stat. 2177, 2179 *reprinted in* 26 U.S.C.A. § 4481 note (Supp. 1983) at 24. Undoubtedly Congress was aware of the regulation quoted in text, and chose specifically not to permit proration where use of a vehicle is merely "discontinued."