# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 05-6057 MN

---

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Vernon Carl Hedquist, and | * | |
| Cindy Kay Hedquist, | * | |
| | * | |
| Debtors. | * | |
| | * | |
| Vernon Carl Hedquist, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Debtor - Appellant, | * | District of Minnesota |
| | * | |
| v. | * | |
| | * | |
| Habbo G. Fokkena, | * | |
| | * | |
| U.S. Trustee - Appellee. | * | |

---

Submitted: May 25, 2006
Filed:   June 16, 2006

---

Before SCHERMER, FEDERMAN, and MAHONEY, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Vernon Carl Hedquist appeals the bankruptcy court's[1] order dismissing his Chapter 11 case pursuant to 11 U.S.C. § 1112(b) and imposing a 180-day bar against refiling a Chapter 11 case pursuant to 11 U.S.C. § 349. We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUE

Mr. Hedquist lists eight issues on appeal in his brief. We consolidate the issues into two: whether the bankruptcy court abused its discretion in dismissing Mr. Hedquists's Chapter 11 case pursuant to 11 U.S.C. § 1112(b) and whether the bankruptcy court abused its discretion in imposing a 180-day bar against refiling under Chapter 11 pursuant to 11 U.S.C. § 349. We conclude that the bankruptcy court did not abuse its discretion in dismissing the case. We also conclude that the propriety of the sanctions imposed under 11 U.S.C. § 349 is moot because the 180-day period has expired.

## BACKGROUND

Mr. Hedquist and his wife, Cindy Kay Hedquist, executed a mortgage dated September 1, 1998, as mortgagors, in favor of Hiway Federal Credit Union ("Credit Union") as mortgagee (the "1998 Mortgage"). The 1998 Mortgage encumbered the Hedquists' residence. The 1998 Mortgage secured an indebtedness in the amount of $72,129.38 as of April 5, 2005 (the "1998 Loan"). The Hedquists also obtained a home equity loan from the Credit Union in 1999 secured by a second mortgage in favor of the Credit Union encumbering the Hedquists' residence (the "1999 Mortgage"). The Hedquists paid off the home equity loan in 2002. In March, 2003,

---

[1]The Honorable Gregory F. Kishel, Chief United States Bankruptcy Judge for the District of Minnesota.

the Credit Union erroneously filed a satisfaction of the 1998 Mortgage instead of the 1999 Mortgage. In September, 2003, the Credit Union filed a release of the 1999 Mortgage. After erroneously satisfying the wrong loan, the Credit Union destroyed its file on the 1998 Loan.

The Hedquists continued to make payments on the 1998 Loan through the end of 2003 but stopped making payments in January, 2004. The Credit Union sued the Hedquists in the District Court of Cass County, Minnesota ("Cass County Court") regarding the 1998 Loan and the 1998 Mortgage. On April 5, 2005, the Cass County Court entered judgment in favor of the Credit Union and against the Hedquists concluding that the satisfaction of the 1998 Mortgage was filed in error; declaring that the 1998 Mortgage remains in full force and effect; determining that the Hedquists were in default under the 1998 Loan; declaring the debt accelerated and immediately due and payable; entering judgment in favor of the Credit Union and against the Hedquists in the amount of $72,129.38; declaring such judgment to be a lien on the Hedquists' residence; and ordering the sale of the Hedqusts' residence to satisfy their obligation to the Credit Union.

In 2004, National Arbitration Council, Inc. of O'Brien, Florida issued "Awards" of damages, costs, and fees in favor of the Hedquists against various credit card companies. The validity of the "awards" is in dispute.

On June 22, 2005, the Hedquists filed a joint petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330[2] ("Bankruptcy Code"). The Hedquists filed schedules listing the Credit Union as a disputed secured creditor and various credit card companies as disputed unsecured

---

[2] This case was filed before the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). Therefore, all references to the Bankruptcy Code are to the Code as it existed prior to BAPCPA.

creditors. Mr. Hedquist attended the meeting of creditors pursuant to Section 341 of the Bankruptcy Code. Mrs. Hedquist did not attend the meeting of creditors.

On September 6, 2005, the United States Trustee filed a motion to dismiss the Hedquists' Chapter 11 case pursuant to Section 1112(b) of the Bankruptcy Code alleging continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; inability to effectuate a plan; and unreasonable delay by the debtor that is prejudicial to creditors. 11 U.S.C. § 1112(b)(1)-(3). The bankruptcy court conducted a hearing on the motion which Mr. Hedquist attended but which Mrs. Hendquist did not attend.

At the hearing, Mr. Hedquist explained that his goal in filing the Chapter 11 case was to stay the sale of his residence to satisfy the obligation to the Credit Union; to avoid the reinstatement of the 1998 Mortgage by the Cass County Court; to protect the equity in the residence; to conduct discovery to determine how much he and his wife owe on certain credit card debts; and then to formulate a plan to pay creditors. Mr. Hedquist admitted that the time to appeal the Cass County Court judgment had expired. Mr. Hedquist also admitted that he had obtained arbitration "awards" against the credit card companies and that he was neither asserting that the "awards" were valid or not valid. Mr. Hedquist stated that the awards were evidence that the credit card debts were disputed. Mr. Hedquist asserted that he needed to conduct discovery to determine how much he and his wife owe on the credit card debts.

The bankruptcy court denied the United States Trustee's request for dismissal under Section 1112(b)(1) on the basis of continuing loss or diminution of the estate and absence of reasonable likelihood of rehabilitation and under Section 1112(b)(3) on the basis of unreasonable delay prejudicial to creditors. The bankruptcy court granted the motion to dismiss under Section 1112(b)(2) based on the Hedquists' inability to effectuate a plan. The bankruptcy court also barred the Hedquists from refiling a petition for relief under Chapter 11 of the Bankruptcy Code for a period of

180 days. The bar did not prevent the Hedquists from refiling under any other chapter of the Bankruptcy Code.

The Hedquists filed a motion for new hearing or new trial on the dismissal which was denied. On November 17, 2005, Mr. Hedquist appealed the order dismissing his bankruptcy case.[3]

On December 20, 2005, the Bankruptcy Appellate Panel issued a stay pending appeal against the Credit Union prohibiting the Credit Union from taking any further action to sell the Hedquists' residence until further order of the Bankruptcy Appellate Panel.

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *Loop Corp. v. U.S. Trustee (In re Loop Corp.)*, 379 F.3d 511, 515 (8th Cir. 2004); *Cedar Shore Resort, Inc. v. Mueller (In re Cedar Shore Resort, Inc.)*, 235 F.3d 375, 379 (8th Cir. 2000). We review the decision to dismiss the Chapter 11 case for an abuse of discretion. *Cedar Shore Resort*, 235 F.3d at 379.

## DISCUSSION

The bankruptcy court has broad discretion in deciding whether to dismiss a Chapter 11 bankruptcy case . *Toibb v. Radloff*, 501 U.S. 157, 165 (1991); *Loop Corp*, 379 F.3d at 515; *Cedar Shore Resort*, 235 F.3d at 379; *Lumber Exch. Bldg. Ltd. P'ship. v. Mut. Life Ins. Co. (In re Lumber Exch. Bldg. Ltd. P'ship)*, 968 F.2d 647, 648 (8th Cir. 1992). The bankruptcy court may dismiss a case for cause. 11 U.S.C. §

---

[3] Mrs. Hedquist did not sign the notice of appeal and, therefore, is not a party to this appeal.

1112(b). Section 1112(b) of the Bankruptcy Code sets forth ten non-exclusive examples of cause which would justify the dismissal of a Chapter 11 case. 11 U.S.C. § (b)(1)-(10). In the instant case, the Bankruptcy Court dismissed the case under Section 1112(b)(2) based on the Hedquists' inability to effectuate a plan. Mr. Hedquist's stated reason for the bankruptcy filing was to set aside the Cass County Court judgment which Mr. Hedquist admitted was final and non-appealable. The bankruptcy court correctly concluded that it could not set aside the final judgment of a state court and therefore the Hedquists would be unable to achieve the stated goal through a Chapter 11 proceeding. The bankruptcy court correctly determined that the Hedquists were unable to effectuate a plan. Based on this determination, the bankruptcy court dismissed the Chapter 11 case. The bankruptcy court's decision was not an abuse of its broad discretion.

Additionally, the bankruptcy court concluded that cause existed under Section 349(a) of the Bankruptcy Code to dismiss the case with a 180-day bar against refiling under Chapter 11. The bankruptcy court expressly permitted refiling under any other Chapter. The bankruptcy court entered the dismissal order on October 6, 2005. More than 180 days have passed since the entry of the order. Accordingly, this issue is moot.

All other issues raised by Mr. Hedquist are denied. The stay pending appeal against the Credit Union of its rights to sell the Hedquists' residence pursuant to the Cass County Order previously issued by order of the Bankruptcy Appellate Panel is terminated.

## CONCLUSION

The bankruptcy court did not abuse its discretion when it dismissed the Hedquists' Chapter 11 case based on the Hedquists' inability to effectuate a plan pursuant to 11 U.S.C.§ 1112(b)(2). Accordingly, the bankruptcy court's order

dismissing the case is AFFIRMED.  Furthermore, the stay against the Credit Union is terminated.

_____