# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2255

_____

In re: Cheryl Anne Reagan,      *
                                *
            Debtor,             *
                                *
----------------------------------   *
                                *
Cheryl Anne Reagan,             *
                                *
            Appellant,          *
                                *   Appeal from the United States
      v.                        *   Bankruptcy Appellate Panel
                                *   for the Eighth Circuit.
Frederick S. Wetzel, III, Trustee;   *
1919 M Street Associates;       *   [UNPUBLISHED]
G. Latt Bachelor, Personal      *
Representative of the Estate of   *
Ronald E. Reagan,               *
                                *
            Appellees.          *

_____

Submitted:  March 15, 2010
    Filed:  March 18, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Cheryl Anne Reagan appeals from the judgment of the Bankruptcy Appellate Panel (BAP) affirming the order of the bankruptcy court,[1] which denied her motion to dismiss the case or remove the trustee, and approved the conversion of her case from a case under Chapter 11 to a case under Chapter 7. We agree with the BAP that the bankruptcy court did not abuse its discretion in denying Reagan's motions to dismiss the case or to remove the trustee, or in finding that her case should be converted to a Chapter 7 proceeding. See In re M & S. Grading, Inc., 541 F.3d 859, 867 (8th Cir. 2008) (denial of motion to remove trustee is reviewed for abuse of discretion); In re Hedquist, 450 F.3d 801, 804 (8th Cir. 2006) (bankruptcy court's decision whether to dismiss Chapter 11 case is reviewed for abuse of discretion); In re Lumber Exch. Bldg. Ltd. P'ship, 968 F.2d 647, 648 (8th Cir. 1992) (bankruptcy court has broad discretion in deciding whether to dismiss or convert Chapter 11 case). Accordingly, we affirm. See 8th Cir. R. 47B.

As to Reagan's challenge to the bankruptcy court's order approving the terms of the sale of Federal News Service, Inc. (FNS), which is part of the bankruptcy estate, we conclude that this issue is moot. The bankruptcy court has since rescinded the sale of FNS and instructed the trustee to obtain new bids for the company. Thus, at this time there is no order of sale, and Reagan's objections to the sale price are no longer relevant. See PFS Dist. Co. v. Raduechel, 574 F.3d 580, 599-600 (8th Cir. 2009) (case is moot when it no longer presents actual, ongoing case or controversy).

Accordingly, the judgment is affirmed.

_____

_____

[1]The Honorable Ben T. Barry, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.