# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1159

_____

| | | |
|---|---|---|
| Students for Sensible Drug Policy Foundation, on behalf of itself and its members; Kraig Selken; Nathan Bush; Alex Schwab, on behalf of themselves and all other similarly situated individuals, | * * * * * * * * | |
| Appellants, | * * | Appeal from the United States District Court for the |
| v. | * * | District of South Dakota. |
| Margaret Spellings, Secretary of the United States Department of Education, in her official capacity, | * * * * * | |
| Appellee. | * * | |
| _____ | * | |
| Protestants for the Common Good, and United Church of Christ, Justice and Witness Ministries, | * * * * * | |
| Amici Curiae. | * | |

_____

Submitted: November 14, 2007
Filed: April 29, 2008

_____

Before WOLLMAN, JOHN R. GIBSON, and BENTON, Circuit Judges.
_____

BENTON, Circuit Judge.


Students for Sensible Drug Policy Foundation ("Students") sued for an injunction and a declaratory judgment that 20 U.S.C. § 1091(r) is unconstitutional because it violates the Fifth and Eighth Amendments to the United States Constitution. The district court[1] dismissed the complaint for failure to state a claim upon which relief could be granted. *Students for Sensible Drug Policy Found. v. Spellings*, 460 F. Supp. 2d 1093, 1105 (D.S.D. 2006). Students argue the district court erred in dismissing their Fifth Amendment claim because section 1091(r) violates the Double Jeopardy Clause. Specifically, they contend the court erred in not considering the full legislative history of section 1091(r), which shows a purpose to impose a second criminal punishment. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.


20 U.S.C. § 1091(r) provides:


(r) Suspension of eligibility for drug-related offenses

(1) In general

A student who is convicted of any offense under any Federal or State law involving the possession or sale of a controlled substance for conduct that occurred during a period of enrollment for which the student was receiving any grant, loan, or work assistance under this subchapter and part C of subchapter I of chapter 34 of Title 42 shall not be eligible to receive any grant, loan, or work assistance under this subchapter and part C of subchapter I of chapter 34 of Title 42 from the

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

date of that conviction for the period of time specified in the following table:

**If convicted of an offense involving:**

| **The possession of a controlled substance:** | **Ineligibility period is:** |
|---|---|
| First offense | 1 year |
| Second offense | 2 years |
| Third offense | Indefinite. |

| **The sale of a controlled substance:** | **Ineligibility period is:** |
|---|---|
| First offense | 2 years |
| Second offense | Indefinite. |

(2) Rehabilitation

A student whose eligibility has been suspended under paragraph (1) may resume eligibility before the end of the ineligibility period determined under such paragraph if--

   (A) the student satisfactorily completes a drug rehabilitation program that--

      (i) complies with such criteria as the Secretary shall prescribe in regulations for purposes of this paragraph; and

      (ii) includes two unannounced drug tests; or

   (B) the conviction is reversed, set aside, or otherwise rendered nugatory.

(3) Definitions

In this subsection, the term "controlled substance" has the meaning given the term in section 802(6) of Title 21.

This court reviews de novo the grant of a motion to dismiss, "taking all facts alleged in the complaint as true." *Koehler v. Brody*, 483 F.3d 590, 596 (8th Cir. 2007). "A motion to dismiss should be granted if 'it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.'" *Id.*, *quoting Knapp v. Hanson*, 183 F.3d 786, 788 (8th Cir. 1999).

A double jeopardy claim is a legal question that this court reviews de novo. *Morse v. Comm'r of Internal Revenue Serv.*, 419 F.3d 829, 834 (8th Cir. 2005). The Clause provides: "nor shall any person be subject to the same offence to be twice put in jeopardy of life or limb." **U.S. Const. amend. V**. It protects against the "imposition of multiple *criminal* punishments for the same offense, and then only when such occurs in successive proceedings." *Hudson v. United States*, 522 U.S. 93, 99 (1997) (emphasis in original) (internal quotations and citations omitted); *Morse*, 419 F.3d at 834-35.

Determining whether a particular punishment is criminal or civil is initially a question of statutory construction. *Hudson*, 522 U.S. at 99. This court must first ask "whether the legislature, 'in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other.'" *Id.*, *quoting United States v. Ward*, 448 U.S. 242, 248 (1980). Even if the legislature indicates the intent to establish a civil penalty, a court must still inquire "whether the statutory scheme was so punitive either in purpose or effect as to transform what was clearly intended as a civil remedy into a criminal penalty." *United States v. Lippert*, 148 F.3d 974, 976 (8th Cir. 1998), *citing Hudson*, 522 U.S. at 99. Both inquiries require evaluation of the statute on its face. *Lippert*, 148 F.3d at 976. "[O]nly the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty." *Id.*, *quoting Hudson*, 522 U.S. at 100.

Regarding the first step, section 1091(r) does not expressly state whether it is a civil remedy or a criminal penalty. The district court correctly noted the section speaks in terms of "suspension of eligibility," not in terms of "penalty" or

"punishment." Eligibility is determined by an administrative agency, which is "prima facie evidence that Congress intended to provide for a civil sanction." *Hudson*, 522 U.S. at 103; *Morse*, 419 F.3d at 835. A student has the opportunity to resume eligibility upon completion of a drug rehabilitation program. And the section was enacted as part of the Higher Education Amendments of 1998, which were primarily designed to increase access to college and make it more affordable. **144 Cong. Rec. H9155** (1998) (floor statements of Rep. Peterson). Nothing on the face of the statute suggests that Congress intended to create anything other than a civil remedy. *Smith v. Doe*, 538 U.S. 84, 93 (2003), *citing Kansas v. Hendricks*, 521 U.S. 346, 361 (1997).

Students contend that the primary purpose of section 1091(r) is deterrence, relying on: (1) its House committee report, which says that section 1091(r) will "serve as a deterrent to prevent drug offenses," **H.R. Report No. 109-231**, at 206 (2005); and (2) several floor statements (specifically those, over a course of several years, by Representative Gerald B. H. Solomon who proposed several bills nearly identical to section 1091(r), although none was enacted). These, though, are not the "clearest proof" necessary to override legislative intent.

"[A]ll civil penalties have some deterrent effect. . . . If a sanction must be 'solely' remedial (*i.e.*, entirely nondeterrent) to avoid implicating the Double Jeopardy Clause, then no civil penalties are beyond the scope of the Clause." *Hudson*, 522 U.S. at 102; *see also Smith*, 538 U.S. at 95 ("both criminal and civil sanctions may be labeled 'penalties'"). Section 1091(r) serves several non-punitive goals, such as rehabilitation, school safety, a drug-free society, and ensuring tax dollars are spent on students who obey the laws. **144 Cong. Rec. H2580** (1998) (floor statements of Rep. Mark Souder, author of amendment enacting section 1091(r))); **144 Cong. Rec. H2869** (1998) (floor statements of Rep. Solomon). These goals are "plainly more remedial than punitive." *Smith*, 538 U.S. at 94. "Where, as here, the rational connection to nonpunitive ends remains as a rationale for enacting this provision, a court should not reject all those alternatives . . . save that one which might require

-5-

invalidation of the statute." ***Jensen v. Heckler***, 766 F.2d 383, 386 (8th Cir. 1985) (per curiam) (internal quotation marks omitted).

Students also ask this court to rely on the legislative history of the Anti-Drug Abuse Act of 1988, which grants state and federal judges discretion to suspend federal benefits when sentencing an individual convicted of a drug offense. **21 U.S.C. § 862(a)-(c)**. This history is not directly relevant to the legislative purpose of section 1091(r) because similarity between civil and criminal sanctions does not make both of them criminal. *See **Smith***, 538 U.S. at 101; ***Hendricks***, 521 U.S. at 364.

Moving to the second step, in determining whether the statutory scheme is so punitive in purpose or effect, this court looks at several factors:

> (1) "[w]hether the sanction involves an affirmative disability or restraint"; (2) "whether it has historically been regarded as a punishment"; (3) "whether it comes into play only on a finding of *scienter*"; (4) "whether its operation will promote the traditional aims of punishment – retribution and deterrence"; (5) "whether the behavior to which it applies is already a crime"; (6) "whether an alternative purpose to which it may rationally be connected is assignable for it"; and (7) "whether it appears excessive in relation to the alternative purpose assigned."

***Hudson***, 522 U.S. at 99-100 (emphasis in original), *quoting **Kennedy v. Mendoza-Martinez***, 372 U.S. 144, 168-69 (1963). No one factor is controlling. ***Hudson***, 522 U.S. at 101.

In terms of these factors, the statutory scheme is not so punitive in purpose or effect as to transform it into a criminal penalty. First, the sanction does not involve an affirmative disability or restraint. While students are denied Title IV financial aid for a specified period, "this is 'certainly nothing approaching the 'infamous punishment' of imprisonment.'" ***Hudson***, 522 U.S. at 104, *quoting **Flemming v. Nestor***, 363 U.S. 603, 617 (1960); *see also **Hendricks***, 521 U.S. at 363, 369. Second,

-6-

"the denial of Title IV aid does not constitute punishment." *Selective Serv. Sys., v. Minn. Public Interest Research Group*, 468 U.S. 841, 847 n.3 (1984).  Students are not deprived permanently of Title IV benefits.  *See id.* at 853 ("A statute that leaves open perpetually the possibility of qualifying for aid does not fall within the historical meaning of forbidden legislative punishment.").  Third, the sanction does not come into play only on a finding of scienter.  The statute says all students who were convicted for possession or sale of controlled substances are ineligible for aid, regardless of the student's state of mind.  "The absence of such a requirement here is evidence that . . . the statute is not intended to be retributive."  *Hendricks*, 521 U.S. at 362.  Fourth, though the statute will deter other students, this alone "is insufficient to render a sanction criminal, as deterrence 'may serve civil as well as criminal goals.'"  *Hudson*, 522 U.S. at 105, *quoting United States v. Ursery*, 518 U.S. 267, 292 (1996).  Fifth, the sanction applies to behavior that is already a crime in that it requires a conviction before a student is deemed ineligible.  However, this is insufficient to render the sanctions criminally punitive, especially in the double jeopardy context. *Hudson*, 522 U.S. at 105; *Hendricks*, 521 U.S. at 362 ("Thus, the fact that the Act may be 'tied to criminal activity' is 'insufficient to render the statut[e] punitive.'"). Sixth, although section 1091(r) is meant to deter other students from possessing or selling drugs on campus, it also encourages rehabilitation, school safety, a drug-free society, and ensuring tax dollars are spent on students who obey the laws.  The statute is rationally related to these alternative purposes.  "The Act's rational connection to a nonpunitive purpose is a '[m]ost significant' factor in our determination that the statute's effects are not punitive."  *Smith*, 538 U.S. at 102, *quoting Ursery*, 518 U.S. at 290.  And seventh, the statute is not excessive in relation to these alternative purposes.

The judgment of the district court is affirmed.

_____