Terry **HARRINGTON** and Curtis W. **McGhee, Jr.,** Plaintiffs,

v.

**CITY OF COUNCIL BLUFFS, IOWA,** Daniel C. Larsen, in his individual and official capacities, and Lyle W. Brown, in his individual and official capacities, Defendants.

Nos. 4:03–cv–90616, 4:05–cv–00178, 4:05–cv–00255.

United States District Court, S.D. Iowa, Central Division.

Oct. 26, 2012.

Stephen Dillard Davis, Steve Davis Law PC, Oak Brook, IL, Thomas P. Frerichs, Frerichs Law Office, Waterloo, IA, William H. Jones, Canel Davis & King, Chicago, IL, Larissa A. McCalla, Spence Shockey & McCalla, Jackson, WY, J. Douglas McCalla, Mel C. Orchard, Gerald L.

Spence, The Spence Law Firm LLC, Jackson, WY, for Plaintiffs.

David Stephen Baker, Fisher Patterson Sayler & Smith LLP, Overland Park, KS, Robert M. Livingston, Kristopher K. Madsen, Stuart Tinley Law Firm LLP, Michael A. Sciortino, Council Bluffs City Attorneys Office, Council Bluffs, IA, for Defendants.

## ORDER

ROBERT W. PRATT, District Judge.

Before the Court are the following motions by Curtis W. McGhee, Jr. ("McGhee") and Terry Harrington [1] ("Harrington") (collectively "Plaintiffs"): (1) Motion in Limine Seeking Admissibility of Kevin Hughes's ("Hughes") Testimony Given on Two Prior Occasions, filed August 22, 2012 (Clerk's No. 273); and (2) Motion in Limine to Bar Evidence of Hughes's Statement to Detective Dawson on April 24, 2003, filed September 4, 2012 (Clerk's No. 280). The City of Council Bluffs, Iowa, Daniel Larsen, and Lyle Brown, (collectively "Defendants") responded to these Motions on September 10, 2012 and September 21, 2012, respectively. Clerk's Nos. 291, 294. Plaintiffs' respective replies were filed on September 20, 2012 and October 1, 2012. Clerk's Nos. 293, 300. The matters are fully submitted.

## I. FACTUAL BACKGROUND

Hughes testified against Terry J. Harrington ("Harrington") and McGhee at their 1978 murder trials. Pl.'s Br. in Supp. of Rule 104 Mot. for the Admission of Prior Testimony by the Late Kevin Hughes in 2000 and 2003 ("Pl.'s Br.") at 2. Both Harrington and McGhee were convicted and incarcerated. *See id.* During Harrington's December 2000 post-convic-

---

1. Though filed by McGhee, Harrington sought and was granted leave to join in the motions.

*See* Clerk's Nos. 276, 287, 303.

tion relief hearing, Hughes recanted. his 1978 testimony. *See id.* At his October 23, 2003 deposition, Hughes again confirmed that he gave false testimony during Harrington's and McGhee's murder trials. *See id.* at 6. Harrington and McGhee intended to call Hughes as a witness at trial in this case. *See id.* at 8. On June 29, 2008, however, Hughes passed away. *See id.*

## II. MOTIONS

### A. *Hughes's Prior Testimony*

Plaintiffs argue that Hughes's prior testimony is admissible under Federal Rules of Evidence 804(b)(1) and 804(b)(3). *See* Pls.' Br. at 8–17. Defendants agree that, under both of these evidentiary rules, Hughes's prior testimony given in 2000 and 2003 would be admissible. *See* Defs.' Joint and Collective Resistance to Pls.' Rule 104 Mots. ("Defs.' Resistance Br.") at 15. Since the parties agree that the hearsay rules do not bar the testimony at issue, the Court grants Plaintiffs' Motion insofar as it claims admissibility of the testimony under Rules 804(b)(1) and 804(b)(3).

Defendants, however, insist that Hughes's testimony is nevertheless inadmissible because "Plaintiff[ ] ha[s] failed to demonstrate that any specific testimony of [ ] Hughes in those earlier proceedings is relevant." *Id.* Furthermore, Defendants argue that res judicata and collateral estoppel bar Plaintiff from "relitigating [the] failed attempts to suggest that the prosecution suborned perjured testimony from [ ] Hughes." *Id.* In reply, Plaintiffs maintain that Hughes's prior testimony is relevant and further disputes that collateral estoppel applies in this case. *See* Pls.' Reply Br. in Supp. of Rule 104 Mots. ("Pls.' Reply Br.") at 11–14.

### 1. *Relevancy.*

■ Defendants claim that Plaintiffs have not established that Hughes's prior testimony is relevant. *See* Defs.' Resistance Br. at 15. Plaintiffs respond to this argument by calling it "nonsense," noting that the crux of this case is the accusation that Defendants "fabricated evidence and knowingly used false or unreliable evidence against [Harrington and McGhee]." *See* Pls.' Reply at 11. Thus, Plaintiff argues, Hughes's prior testimony is admissible. The Court agrees.

The substance of Hughes's prior testimony is that he was not truthful in testifying at Harrington's and McGhee's 1978 trials and that his testimony reflected what the police wanted him to say. Such testimony is undoubtedly relevant to the claims that Defendants deprived Plaintiffs of their constitutional rights. *See* Fed. R.Evid. 401 (stating that "[e]vidence is relevant if it [tends] to make a fact [of consequence] more or less probable than it would be without the evidence").

### 2. *Preclusion.*

Defendants further argue that Hughes's prior testimony is inadmissible because questions concerning any deals between Defendants and Hughes, Hughes's alleged perjury during Harrington's and McGhee's 1978 trials, and Hughes's pending criminal charges "have been fully litigated and resolved in earlier proceedings." *See* Defs.' Resistance Br. at 15. Thus, Defendants claim that the doctrines of res judicata and collateral estoppel bar the admission of Hughes's prior testimony. *See id.* Plaintiff denies that any issue or claim preclusion is applicable for the following reasons: (1) "the earlier findings that . . . [D]efendants seek to give preclusive effect are no longer essential to a valid judgment"; (2) "this Court held in Clerk's No. 165 that it could not give preclusive effect under Iowa law to McGhee's October 24, 2003 conviction because of the State's fraudulent concealment of Hughes'[s] recantation"; and (3) "federal court[s] can decline to give preclusive effect to state court findings

even when a state court would do so if the court has reason to doubt the quality, extensiveness, or fairness of procedures followed in the prior litigation." Pls.' Reply Br. at 12–13.

 Res judicata is available only where: "1) the prior judgment was entered by a court of competent jurisdiction; 2) the decision was a final decision on the merits; and 3) the same cause of action and the same parties or their privies were involved in both cases." *Morse v. C.I.R.*, 419 F.3d 829, 834 (8th Cir.2005) (quoting *United States v. Brekke*, 97 F.3d 1043, 1047 (8th Cir.1996)). Collateral estoppel bars relitigation of an issue where: "1) the party sought to be precluded in the second suit was a party, or privy to a party, in the prior suit; 2) the issue sought to be precluded is the same as the issue involved in the prior action; 3) the issue was 'actually litigated' in the prior action; 4) the issue was determined by a valid and final judgment; and 5) the determination in the prior action was 'essential to the judgment.'" *Id.* (quoting *Anderson v. Genuine Parts Co.*, 128 F.3d 1267, 1273 (8th Cir.1997)). Here, res judicata is inapplicable because the same cause of action litigated in the prior actions are not the same causes of action being litigated in the present action. Likewise, collateral estoppel is inapplicable because the issues determined in the prior actions are no longer part of a valid and final judgment. Indeed, as Plaintiffs aptly point out, the "court decisions on which defendants rely have been superseded by the Iowa Supreme Court's vacation of Harrington's conviction in 2003." Pls.' Br. at 12. Moreover, the Court would decline, in any event, to give either prior decision preclusive effect given that both were rendered prior to Hughes's recantation, and prior to the discovery of the withheld Gates reports. Indeed, it is difficult to fathom how Harrington could have received a full and fair opportunity to litigate the issue of Hughes's alleged perjury in either prior proceeding when neither the withheld evidence nor Hughes's recantation had yet come to light.

The Court agrees that both parties may have other bases to object to certain, specific portions of Hughes's prior testimony. Indeed, deposition designations are not even required on this testimony until after the Court issues the present ruling. At this juncture, however, the gist of Plaintiffs' Motion appears to request merely that the Court permit the introduction of relevant evidence, i.e., Hughes's prior testimony indicating that Defendants "fabricated evidence and knowingly used false or unreliable evidence against [Harrington and McGhee]." *See* Pls.' Reply at 11. To the extent that any party has further objection, not addressed herein, to Hughes's prior deposition testimony, they are encouraged to attempt to resolve such objections amongst themselves, to the maximum extent possible, when preparing their deposition designations. To the extent that agreement cannot be reached, the Court will, in due course, rule on any remaining objections after receiving them with the relevant designations.

### B. *Hughes's April 24, 2003 Statement*

 Plaintiff seeks to exclude evidence concerning a statement that Hughes gave to Detective Dawson on April 24, 2003. *See* Clerk's No. 280–1 at 1. "After being jailed[2] for three days, Hughes recanted his 2000 recantation." *Id.* Plaintiff argues that Hughes's April 24, 2003 statement is irrelevant to the issues in this case, that even if relevant, the statement is nevertheless inadmissible under Federal Rule of Evidence 403, and that the statement is

---

2. On April 21, 2003, "Hughes [was] arrested and jailed as a material witness." Clerk's No. 280–1 at 1.

impermissible hearsay. *See id.* at 2–3. Defendants respond by noting that they are willing to concede that this statement is irrelevant only if the Court rules that Hughes's prior testimony is inadmissible evidence. *See* Clerk's No. 295 at 24. If the Court rules, as it did, that Hughes's prior testimony is admissible evidence, then Defendants assert that Hughes's April 24, 2003 statement becomes relevant. *See id.* Furthermore, Defendants claim that although the hearsay rules would preclude this statement from being offered as substantive evidence, it is nevertheless admissible under a variety of exceptions to the hearsay rule or other Rules of Evidence. *See id.* at 24–25 ("Mr. Hughes's statement to Detective Dawson could be offered, not for the truth of the matter asserted, but as evidence of Mr. Hughes's veracity and respect for the truth. *See* Fed.R.Evid. 401. It could also be offered as it relates to: witness character, *see* Fed.R.Evid. 404(3), 607, 608, 609; reputation or opinion, *see* Fed.R.Evid. 405(a); specific incidents of conduct; *see* Fed.R.Evid. 405(b); perhaps habit, *see* Fed.R.Evid. 406; character for truthfulness, *see* Fed.R.Evid. 608(b); and easily to rebut other evidence of truthfulness, *see* Fed.R.Evid. 608(a)(2)).

Without deposition designations from Hughes's prior sworn testimony, or even a modicum of certainty that Defendants will even seek to introduce Hughes's April 24, 2003 statement to Dawson at trial, the Court is simply not in a position to grant Plaintiffs' Motion in Limine at this time. Rather, the Court will order that neither party make reference to Hughes's April 24, 2003 statement to Dawson in the presence of the jury without first requesting leave of Court to do so. Moreover, should

Defendants' seek to elicit evidence regarding Hughes's April 24, 2003 statement, Defendants shall be prepared to identify with specificity and with reference to any relevant case law, the precise bases for admissibility under the Federal Rules of Evidence.[3] The Court notes, however, that if Hughes's April 24, 2003 statement is admitted into evidence on any basis, it will necessarily have to permit Plaintiffs to present evidence of the circumstances under which the statement was made.

### III. CONCLUSION

For the reasons above, Plaintiffs' Motion in Limine (Clerk's No. 273) is GRANTED and Plaintiffs' Motion in Limine (Clerk's No. 280) is DENIED, subject to the provisions articulated herein.

IT IS SO ORDERED.

---

**3.** As early as possible, Defendants shall inform Plaintiffs of their intent to seek the Court's leave to offer this evidence and the basis therefore so that Plaintiff may have an

adequate opportunity to prepare a response. Additionally, to the extent possible, the parties shall attempt to give the Court as much notice as possible prior