**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2537
_____

UNITED STATES OF AMERICA

v.

AVERY L. SOLLENBERGER; DENA SOLLENBERGER;
GARY SOLLENBERGER; WENDELL SOLLENBERGER;
TELTEC ENTERPRISES, A trust, by and though its trustee, Victory Perry;
SUNNY ISLES FIDUCIARY FUND, A trust, by and through
its trustee John Michael Crim; LEDGER MANAGEMENT COMPANY, a trust by and
through its trustee Victor Perry;BITTERROOT RENTAL COMPANY, a trust, by and
through its trustee/general manager, Donald Bailey;
BITTERROOT RENTAL COMPANY, a trust by and through
its trustee/general manager, Gary R. Sollenberger;
SUNNY ISLE FIDUCIARY FUND, a trust, by and through
its trustee John Michael Crim CI Taft Correctional Institution;
DESIGN CONCEPTS CO, A trust by and through its
trustee/general manager, Gary Sollenberger;
ASSOCIATED DYNAMICS, LLC

Avery Sollenberger, Dena Sollenberger,
Gary Sollenberger, and Wendell Sollenberger,
                                                                            Appellants
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:12-cv-01488)
District Judge:  Honorable Christopher C. Conner
_____

Before: JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed April 24, 2018)
_____

OPINION[*]
_____

PER CURIAM

On December 15, 2015, the District Court entered judgment in favor of the United

States in a tax collection action against Avery and Dena Sollenberger, husband and wife;

their sons, Gary and Wendell Sollenberger; a house-framing business owned by the

Sollenbergers; and various associated trust entities.[1]  Specifically, the District Court

entered monetary judgments in favor of the United States in the following amounts for

unpaid federal tax liabilities:  1) $1,247,169.50 against Avery and Dena Sollenberger; 2)

$1,724,296.76 against Gary Sollenberger; and 3) $1,749,010.95 against Wendell

Sollenberger.[2]  The District Court also concluded that the United States had valid federal

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

[1] Previously, the United States prosecuted the Sollenbergers for conspiracy to defraud the
United States by impeding, impairing, obstructing, and defeating the lawful functions of
the Internal Revenue Service ("IRS") in the computation, assessment, and collection of
income taxes.  <u>United States v. Sollenberger</u>, M.D. Pa. Crim. No. 1:07-cr-00205.  A jury
found Avery, Gary, and Wendell Sollenberger guilty and Dena Sollenberger not guilty.
<u>Id.</u> at ECF No. 209 (Jury Verdict).  As of result of their convictions, Avery, Gary, and
Wendell Sollenberger each incurred a restitution obligation of $1,287,506.01.  <u>Id.</u> at ECF
No. 273, 277, & 279.

[2] The District Court additionally entered a similar judgment against the business.

tax liens against eight properties owned by the Sollenbergers and ruled that the United States was entitled to foreclosure of those liens so that it could sell the properties and apply the proceeds to the tax liabilities. On January 14, 2016, the Sollenbergers moved for reconsideration in a filing that the District Court denied the next month as untimely and without merit.

Subsequently, in October 2016, the United States moved for an order of sale of the eight properties encumbered by tax liens. On December 1, 2016, the District Court granted the United States' unopposed motion, ruling that the mortgages and promissory notes for the eight properties were foreclosed. The District Court described the properties, listed the tax liens, and detailed the terms and conditions of the sale in a lengthy (19-page) order.

On May 11, 2017, Avery Sollenberger sought to vacate the December 2016 order under Rule 60(b)(3) and Rule 60(b)(4) of the Federal Rules of Civil Procedure.[3] He presented three main arguments. First, he claimed that the order violated the Sollenbergers' right to due process of law because, inter alia, the United States did not notify the District Court that Dena Sollenberger had been found not guilty in the related criminal action; the United States did not reveal how much restitution the Sollenbergers have paid; and the District Court did not provide the Sollenbergers an adequate opportunity to be heard. Avery Sollenberger also asserted the District Court was

---

[3] Although he presented arguments for himself and his family members, he alone signed the motion on a line printed for "Avery Sollenberger, et al.", and the District Court treated the motion as his alone.

3

precluded from entering a judgment greater than $1,274,615.01 because the District Court, in an order enforcing the restitution amount and allowing leave to apply the value of seized assets toward the restitution amount, described the liability as $1,274,615.01, and the United States had not timely challenged that amount. Third, he claimed that the District Court's decision to take jurisdiction was a plain usurpation of judicial power because of the advanced ages (90 and 87, respectively) of Avery and Dena Sollenberger; the resolution of the criminal action in 2015 (in which Dena Sollenberger was found not guilty); and Avery Sollenberger's continued payment in restitution, including $227.00 per month deducted from his Social Security check. The District Court denied the motion,[4] and the Sollenbergers appeal.[5]

On appeal, the Sollenbergers ask us to vacate or reverse the order of December 1, 2016. Appellant's Informal Brief at 1, 5, 11. In support, they repeat, almost verbatim, the arguments raised in Avery Sollenberger's Rule 60(b) motion. The United States, in response, argues that the District Court properly denied the Rule 60(b) motion. Interpreting the Sollenbergers' brief incorporating the Rule 60(b) motion as an attack on

---

[4] On the same day, the District Court ruled on a motion filed by intervenors (tenants in one of the Sollenbergers' properties) and also denied a motion filed by the Sollenbergers for a temporary restraining order and preliminary injunction. Neither of those rulings is at issue in this appeal.

[5] Although Avery Sollenberger alone filed the Rule 60(b) motion, all of the Sollenbergers have explicitly informed us that they wish to participate in this appeal. Also, at the outset of this appeal, they sought injunctive relief to prevent the sale of their properties. We denied their motion and subsequent request for reconsideration. (Related to that, we note that, even if the sale of their properties went forward as scheduled, we would not conclude that this appeal is moot because we would be able to fashion a remedy.)

4

the underlying judgment as well, the United States argues that we lack jurisdiction to review that decision.[6] In their reply brief, in addition to repeating the arguments relating to the denial of the Rule 60(b) motion, the Sollenbergers contest the United States' argument and contend that we do have jurisdiction to review the District Court's earlier judgment entered December 15, 2015. Also, in their reply, the Sollenbergers seem to expand their request for relief to include a request for us to vacate the earlier judgment and to remand to the District Court for consideration of arguments relating to whether they have fulfilled their restitution obligations and whether Dena Sollenberger can advance an innocent spouse claim.

First, we consider the scope of our review. We have jurisdiction under 28 U.S.C. § 1291 to review the order denying the Rule 60(b) motion.[7] See Torres v. Chater, 125 F.3d 166, 167 (3d Cir. 1997). The timely appeal from that order, however, does not bring up for review earlier orders of the District Court. See id. (citing Daily Mirror, Inc. v. New York News, Inc., 533 F.2d 53, 56 (2d Cir.1976), which held that "[a]n order denying relief under Rule 60(b) is an appealable order, but the appeal brings up only the correctness of the order itself").

---

[6] The United States also presents a motion for leave to file a supplemental appendix, which is also a motion to expand the record to the extent that the United States wishes to introduce documents from the Sollenbergers' earlier criminal proceedings.

[7] We review the decision only as to Avery Sollenberger because he was the only signatory to the motion (despite the inclusion of "et al." in the printed line), and he, a non-lawyer, could not represent his family members in the District Court. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991).

We could review the prior order, however, if the notice of appeal was timely as to it. However, as to the order of December 15, 2015, the notice is clearly untimely. A notice of appeal in a civil case in which the United States is a party is timely if it is filed within 60 days of the entry of the order or judgment being appealed. See Fed R. App. P. 4(a)(1)(B). That time limit is mandatory and jurisdictional. See Bowles v. Russell, 551 U.S. 205, 209-14 (2007); Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). Although the time limit can be tolled by a timely motion seeking reconsideration under Rule 59(e) or relief under Rule 60(b), see Fed. R. App. P. 4(a)(4), neither the motion for reconsideration nor the Rule 60(b) motion was filed in time to toll the time limit in this case. See Lizardo v. United States, 619 F.3d 273, 278 (3d Cir. 2010). Accordingly, even if we agreed that the Sollenbergers challenged the December 15, 2015 judgment, we would not have jurisdiction to consider that judgment.

The District Court, effectuating the order of December 15, 2015, also issued the order of sale in December 2016. To the extent that the entry of that order is governed by the separate judgment rule, see Fed. R. Civ. P. 58, the notice of appeal would be timely as to that order, see Fed. R. App. P. 4(a)(7), which did not satisfy the separate judgment rule, Leboon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007).

However, although our jurisdiction may extend beyond review of the order denying the Rule 60(b) motion, before we consider an issue, it must be raised on appeal. Generally, arguments that are not presented and discussed in the opening brief are considered abandoned and waived. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993); see also Al-Ra'id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995) (noting that pro se

6

litigants are not excepted from the requirement to raise and argue issues on appeal). The Sollenbergers do not discuss the order of sale except in the context of their challenge to the ruling on Avery Sollenberger's Rule 60(b) motion seeking to vacate that order.[8] Accordingly, we conclude that the issue is waived.

Our review of the District Court's order, insomuch as it denied relief under Rule 60(b)(3), is for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). To the extent that the order denied relief under Rule 60(b)(4), our review is plenary. Id. at 251 & n.5. Upon review, we discern no error in the District Court's ruling, and we will affirm.

First, despite the arguments in the Rule 60(b) motion and on appeal, there is no suggestion in the record that the order of sale was entered without due process of law. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (citation and quotation marks omitted). Looking at the District Court record, we see no impingement of that fundamental right. Despite the claim to the contrary, Avery Sollenberger (and his family members) had the opportunity to be heard. Although none of them filed a response to the Government's motion for an order of sale, they could have; the District Court allowed time for a response before ruling. Also, the degree to

---

[8] Furthermore, although the Government reads the opening brief more expansively to challenge the original judgment, we read it to challenge the ruling on the Rule 60(b) motion only.

which the United States disclosed the details of the earlier criminal proceedings to the District Court did not affect the Sollenbergers' due process rights in this case.

Second, the District Court properly concluded that resolution of the criminal action, including the restitution order, did not render void the order of sale in the civil suit. As the District Court explained, although the criminal prosecution was related to the civil suit, it was separate from it. The criminal action did not preclude the civil proceedings, and the order of restitution did not control the outcome of the suit to collect the tax deficiency. See, e.g., Morse v. Comm'r, 419 F.3d 829, 833-34 (8th Cir. 2005) (concluding that neither res judicata nor collateral estoppel doctrine precludes the imposition of a civil liability for tax deficiency or fraud penalties after the resolution of a related criminal prosecution). But see Creel v. Comm'r, 419 F.3d 1135, 1140-42 (11th Cir. 2005) (noting an exception (not applicable in this case) to the general rule when an order of restitution expressly incorporates civil penalties as part of the criminal sentence). The District Court also properly rejected Sollenberger's related argument that the order was void because the United States had not timely challenged the restitution amount.

The District Court committed no error in rejecting Sollenberger's third basis for Rule 60(b) relief. The District Court did not usurp judicial power. Regardless of the age of the parties, the resolution of the previous criminal action, and Avery Sollenberger's restitution efforts, the District Court properly assumed jurisdiction over the proceedings. See 26 U.S.C. § 7402(a); 28 U.S.C. § 1340.

For these reasons, the District Court properly denied Avery Sollenberger's Rule 60(b) motion.[9]  We will affirm the District Court's order.[10]

---

[9] As we noted previously, we understand the opening brief to challenge only the ruling on the Rule 60(b) motion.  But even if the arguments could be understood to be a timely challenge to the order of sale itself, we would discern no error in the entry of that order to effectuate the earlier judgment that we have no authority to review.

[10] The United States' motion to file a supplemental appendix is granted in part and denied in part, as follows.  To the extent that the United States seeks to file a supplemental appendix to provide documents from the District Court record for this civil proceeding, it is granted.  To the extent that the United States seeks to expand the record, the motion is denied.