# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 07-6058
No. 07-6059

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Racing Services, Inc., | * | |
| | * | |
| Debtor. | * | |
| | * | |
| | * | |
| Kip Kaler, as Bankruptcy Trustee | * | Appeal from the United States |
| for Racing Services, Inc., and the | * | Bankruptcy Court for the |
| State of North Dakota, et al., | * | District of North Dakota |
| | * | |
| Appellants, | * | |
| | * | |
| v. | * | |
| | * | |
| Susan Bala, | * | |
| | * | |
| Appellee. | * | |

Submitted: March 20, 2008
Filed: April 25, 2008

Before KRESSEL, Chief Judge, MAHONEY, and McDONALD, Bankruptcy
Judges.

McDONALD, Bankruptcy Judge.

Kip Kaler, Chapter 7 Trustee for the estate of Racing Services, Inc. ("Trustee"), and the State of North Dakota et al. ("North Dakota") appeal from an order of the bankruptcy court[1] that granted a motion to vacate part of an order that equitably subordinated the claims of Susan Bala ("Bala"). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

I.

Bala was the founder, chief executive officer, president and sole shareholder of Racing Services, Inc. ("RSI"). RSI filed a Chapter 11 bankruptcy petition on February 3, 2004, in the United States Bankruptcy Court for the District of Delaware. Shortly thereafter, the Delaware court transferred the case to the District of North Dakota. On June 15, 2004, the bankruptcy court converted RSI's case to one under Chapter 7 and the Trustee was appointed to administer RSI's estate.

RSI maintained its principal offices at 901 28th Street SW, Fargo, North Dakota. Bala owned the building and leased it to RSI. After the case converted to Chapter 7, the Trustee took control and occupied the building until December 10, 2004, when Bala sold it.

On June 10, 2005, Bala filed an application for allowance of administrative expense claims in RSI's case in the aggregate amount of $110,218.54 ("Application"). These claims were for post-petition rents due to Bala by RSI and the Trustee. The Trustee and North Dakota filed objections to the Application asserting that the claims should be subordinated to all other claims under § 510(c) of the Bankruptcy Code or denied in their entirety. The Trustee and North Dakota based their objections and requests to subordinate on federal criminal convictions and forfeiture judgments that were entered against Bala and RSI in July of 2005 ("Criminal Orders"). On

---

[1] The Honorable William A. Hill, United States Bankruptcy Judge for the District of North Dakota.

September 5, 2005, the bankruptcy court granted the Application in the amount requested, but subordinated Bala's claims for purposes of distribution to all other allowed claims ("Subordination Order") based on the Criminal Orders.

Bala appealed to the Eighth Circuit Bankruptcy Appellate Panel. On April 4, 2006, we affirmed the Subordination Order. In our order, we found that the Criminal Orders were sufficient to support a claim for equitable subordination. As a result, we held that the bankruptcy court did not abuse its discretion. *Bala v. Kaler (In re Racing Servs., Inc.)*, 340 B.R. 73 (B.A.P. 8th Cir. 2006).

Meanwhile, Bala and RSI appealed the Criminal Orders. On March 6, 2007, the Eighth Circuit Court of Appeals ("Circuit Court") reversed. *United States v. Bala*, 489 F.3d 334 (8th Cir. 2007). Based on the reversal, Bala filed a motion to vacate that portion of the bankruptcy court's Subordination Order that subordinated her claims ("Motion to Vacate"). The Trustee and North Dakota filed objections to the Motion to Vacate. The bankruptcy court conducted a hearing on August 30, 2007, and on September 6, 2007, it granted the Motion to Vacate. This appeal followed.

II.

We review a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b)(5) made applicable to this proceeding by Fed. R. Bankr. P. 9024 for an abuse of discretion. *Agostini v. Felton*, 521 U.S. 203, 238 (1997); *Prudential Ins. Co. of America v. National Park Medical Center, Inc.* 413 F.3d 897, 903 (8th Cir. 2005). An abuse of discretion occurs when there are clearly erroneous factual findings or an erroneous legal conclusion. *Kieffer v. Riske (In re Kieffer-Mickes, Inc.),* 226 B.R. 204, 208 (B.A.P. 8th Cir. 1998). We must have "a definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors" to overturn its decision. *Nelson v. Siouxland Fed. Credit Union (In re Nelson)*, 223 B.R. 349, 352 (B.A.P. 8th Cir. 1998) (quoting

3

*Beguelin v. Volcano Vision, Inc. (In re Beguelin)*, 220 B.R. 94, 97 (B.A.P. 9th Cir. 1998)).

III.

The Trustee and North Dakota believe that the bankruptcy court erred in granting the Motion to Vacate and they advance two arguments in support of their position. First, they contend that Bala improperly brought the Motion to Vacate under Fed. R. Civ. P. 60(b)(5). Second, they argue that despite the reversal of the Criminal Orders, there is sufficient evidence in the record to support a finding of equitable subordination.

*A.    Bala properly made the Motion to Vacate under Fed. R. Civ. P. 60(b)(5).*

The Trustee and North Dakota assert that the reversal of the Criminal Orders amounts to "newly discovered evidence" placing the Motion to Vacate under Fed. R. Civ. P. 60(b)(2) rather than Rule 60(b)(5). Federal Rule of Civil Procedure 60(b) states:

> [o]n motion and upon such terms as are just, the court may relieve a party…from a final judgment, order or proceeding…for the following reasons:…(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);…(5) a prior judgment upon which it is based has been reversed or otherwise vacated...

The Trustee and North Dakota argue that since a Rule 60(b)(2) motion must be made within one year of entry of the original order, the bankruptcy court was required to deny Bala's Motion to Vacate on procedural grounds because she filed it on March 27, 2007, well past the one-year deadline. *Fed. R. Civ. P. 60(c)(1).* We disagree.

4

The reversal of the Criminal Orders was hardly newly discovered evidence. Indeed, the district court convicted Bala and RSI and entered the forfeiture orders on July 20, 2005. Bala and RSI appealed these orders and the Circuit Court did not decide the case until March 6, 2007. The Trustee and North Dakota were certainly aware of these proceedings and the possibility that the Criminal Orders might be overturned on appeal. Yet, they did not seek to have the Subordination Order amended to include additional findings of fact in case the Circuit Court reversed.

Even assuming *arguendo* that the reversal of the Criminal Orders was newly discovered evidence, the Trustee and North Dakota essentially ask us to hold Bala responsible for the time it took the Circuit Court to decide her appeal. We decline to do so. Consequently, we hold that Bala properly made the Motion to Vacate under Fed. R. Civ. P. 60(b)(5).

B.     *There was insufficient evidence in the record to support a claim for equitable subordination once the Circuit Court reversed the Criminal Orders.*

The Trustee and North Dakota next argue that despite the reversal of the Criminal Orders, there was sufficient evidence in the record to support equitable subordination. We have adopted a three-part test to determine whether or not the claim for equitable subordination is appropriate under § 510(c) of the Bankruptcy Code:

> (i)     The claimant must have engaged in some type of inequitable conduct.
> (ii)    The claimant's misconduct resulted in injury to the creditors of the bankrupt or conferred an unfair advantage on the claimant; and
> (iii)   Equitable subordination must not be inconsistent with the provisions of the Bankruptcy Code.

*In re Racing Servs., Inc.*, 340 B.R. at 76 (citing *Bergquist v. Anderson-Greenwood Aviation Corp. (In re Bellanca Aircraft Corp.),* 850 F.2d 1275, 1282 (8th Cir. 1988)). The proponent of equitable subordination has the burden of proving each element. *Central Cooperatives, Inc. v. Irwin (In re Colonial Poultry Farms)*, 177 B.R. 291, 301 (Bankr. W.D. Mo. 1995).

In granting the Trustee and North Dakota's request to subordinate Bala's claims, the bankruptcy court relied wholly on the Criminal Orders to satisfy the first two elements of equitable subordination and further noted that equitable subordination was not inconsistent with the provisions of the Bankruptcy Code, thus satisfying the third prong of the test. There were no additional findings of inequitable conduct in the Subordination Order.

On appeal, we also used the Criminal Orders to support the first two elements of equitable subordination. To satisfy the third element, we noted that "any exercise of authority under Section 510(c)(1) of the Bankruptcy Code is not inconsistent with the Code unless it ignores the Code's language." *In re Racing Servs., Inc.,* 340 B.R. at 78. Since the bankruptcy court decided the case under § 510(c)(1), it was not inconsistent with the Bankruptcy Code. We made no other references to inequitable conduct in our order.

The bankruptcy court had another chance to consider the record at the hearing on the Motion to Vacate on August 30, 2007. The Trustee and North Dakota attempted to direct the bankruptcy court to facts already in the record that would satisfy the test for equitable subordination without relying on the Criminal Orders. The bankruptcy court was not persuaded by their arguments. Neither are we.

It is clearly evident that at all stages of this litigation, each court relied on the Criminal Orders as the sole basis for subordinating Bala's claims. Once the Circuit Court vacated these orders, there was no basis in fact or law to equitably subordinate

them. The Trustee and North Dakota devised a trial strategy that simply did not include the possibility of the reversal of the Criminal Orders. To ask us to put nebulous facts together to satisfy the test for equitable subordination at this point is both untimely and unreasonable. Therefore, we hold that there is insufficient evidence in the record to support a claim of equitable subordination.

## IV.

The bankruptcy court was in the best position to determine the basis of its own order. We are not left with a definite and firm conviction that the bankruptcy court erred, and therefore, it did not abuse its discretion in granting the Motion to Vacate. Accordingly, we affirm the judgment of the bankruptcy court.

---