# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3909

_____

In re: M & S Grading, Inc.,     *

Debtor,     *

--------------------------------------------- *

Contractors, Laborers, Teamsters
and Engineers Health and Welfare
Plan; Contractors, Laborers, Teamsters
and Engineers Pension Plan; Dean
Hightree; Kim Quick; Tom Merksick;
Calvin G. Negus; Vic J. Lechtenberg;
Eugene Lea, Trustees,     *

        Creditors - Appellants,     *

           v.     *   Appeal from the United States
    *   District Court for the
    *   District of Nebraska.

M & S Grading, Inc.,     *

        Debtor - Appellee.     *

--------------------------------------------- *

Contractors, Laborers, Teamsters
and Engineers Pension Plan;
Contractors, Laborers, Teamsters and
Engineers Health and Welfare Plan;
Dean Hightree; Kim Quick; Tom
Merksick; Calvin G. Negus;Vic J.
Lechtenberg; Eugene Lea, Trustees;
Official Committee of Unsecured     *

Creditors of MSGrading, Inc.,       *
                                         *
             Creditors,      *
                                         *
      v.                          *
                                         *
M & S Grading, Inc.,             *
                                         *
             Debtor.        *
                                         *

---------------------------------------------   *
                                         *
Dean Hightree; Kim Quick; Calvin  *
G. Negus; Vic J. Lechtenberg; Eugene  *
Lea, Trustees; Contractors, Laborers,  *
Teamsters and Engineers Health and  *
Welfare Plan; Contractors, Laborers,  *
Teamsters and Engineers Pension Plan;  *
Tom Merksick,  *
                                         *
             Plaintiffs,     *
                                         *
Official Committee of Unsecured  *
Creditors of MSGrading, Inc.,  *
                                         *
             Creditor,     *
                                         *
      v.                          *
                                         *
First National Bank of Omaha,  *
                                         *
             Defendant,    *
                                         *

James Killips, Trustee for Debtor   *
M & S Grading, Inc.,       *
            *
    Trustee.       *
            *

_____

No. 07-3914

_____

In re: M & S Grading, Inc.,     *
            *
    Debtor,        *
            *
--------------------------------------------   *
            *
Contractors, Laborers, Teamsters and   *
Engineers Health and Welfare Plan;   *
Contractors, Laborers,Teamsters and   *
Engineers Pension Plan; Dean Hightree; *
Kim Quick; Tom Merksick; Calvin G.   *
Negus; Vic J. Lechtenberg; Eugene Lea, *
Trustees,           *
            *
    Creditors,       *
            *
   v.            *
            *
M & S Grading, Inc.,       *
            *
    Debtor.        *
            *
--------------------------------------------   *
            *
Contractors, Laborers, Teamsters and   *
Engineers Health and Welfare Plan;   *

Contractors, Laborers, Teamsters and
Engineers Pension Plan; Dean Hightree;
Kim Quick; Tom Merksick; Calvin G.
Negus; Vic J. Lechtenberg; Eugene Lea,
Trustees,

       Creditors - Appellants,

  and

Official Committee of Unsecured
Creditors of MSGrading, Inc.,

       Creditor,

    v.

M & S Grading, Inc.,

     Debtor - Appellee.

----------------------------------------------

Dean Hightree; Kim Quick; Calvin G.
Negus; Vic J. Lechtenberg; Eugene Lea,
Trustees; Contractors, Laborers,
Teamster and Engineers Health and
Welfare Plan; Contractors, Laborers,
Teamsters and Engineers Pension
Plan; Tom Merksick,

       Plaintiffs,

Official Committee of Unsecured
Creditors of MSGrading, Inc.,

       Creditor,

                                                            *

          v.                                                *

                                                            *

First National Bank of Omaha,                               *

                                                            *

               Defendant,                                   *

                                                            *

James Killips, Trustee for Debtor                           *
M & S Grading, Inc.,                                        *

                                                            *

               Trustee.                                     *

                                                            *

          _____

          No. 08-1001

          _____

In re: M & S Grading, Inc.,                                 *

                                                            *

               Debtor,                                      *

                                                            *

--------------------------------------------                *

                                                            *

Contractors, Laborers, Teamsters and                        *
Engineers Health and Welfare Plan;                          *
Contractors, Laborers, Teamsters and                        *
Engineers Pension Plan; Dean Hightree;  *
Kim Quick; Tom Merksick; Calvin G.                          *
Negus; Vic J. Lechtenberg; Eugene                           *
Lea, Trustees,                                              *

                                                            *

               Creditors,                                   *

                                                            *

          v.                                                *

                                                            *

M & S Grading, Inc.,                                        *

                                                            *

Debtor,    *

   *

----------------------------------------------    *

   *

Contractors, Laborers, Teamsters and    *
Engineers Pension Plan; Contractors,    *
Laborers, Teamsters and Engineers    *
Health and Welfare Plan; Dean    *
Hightree; Kim Quick; Tom Merksick;    *
Calvin G. Negus; Vic J. Lechtenberg;    *
Eugene Lea, Trustees; Official    *
Committee of Unsecured Creditors of    *
MSGrading, Inc.,    *

   *

Creditors,    *

   *

v.    *

   *

M & S Grading, Inc.,    *

   *

Debtor,    *

   *

----------------------------------------------    *

   *

Dean Hightree; Kim Quick; Calvin G.    *
Negus; Vic J. Lechtenberg; Eugene Lea,    *
Trustees; Contractors, Laborers,    *
Teamsters and Engineers Health and    *
Welfare Plan; Contractors, Laborers,    *
Teamsters and Engineers Pension Plan;    *
Tom Merksick,    *

   *

Plaintiffs - Appellants,    *

   *

Official Committee of Unsecured    *
Creditors of MSGrading, Inc.,    *

   *

-6-

Creditor,                                    *
                                             *
       v.                                    *
                                             *
                                             *
First National Bank of Omaha,                *
                                             *
              Defendant - Appellee,          *
                                             *
James Killips, Trustee for Debtor            *
M & S Grading, Inc.,                         *
                                             *
              Trustee - Appellee.            *
                                             *

                        _____

                Submitted:  June 13, 2008
                    Filed:  September 9, 2008
                        _____

Before MELLOY,  ARNOLD and BENTON, Circuit Judges.
                        _____

MELLOY, Circuit Judge.

       This case arises out of the bankruptcy of M & S Grading, Inc.  M & S, an excavation company, participated in employee-benefit plans.  The plans and their trustees assert M & S's bankruptcy trustee improperly made payments to First National Bank of Omaha instead of making payments to the plans.  The plans and their trustees appeal various district-court judgments[1] related to this dispute, and we affirm.

_____

       [1]The Honorable Timothy J. Mahoney, Chief Judge, United States District Court for the District of Nebraska and The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

I.

M & S was a participating employer in employee-benefit plans, specifically a multi-employer health and welfare plan and a multi-employer pension plan. In 2002, M & S filed for Chapter 11 bankruptcy. During M & S's reorganization, the bankruptcy court twice ordered the company to make timely contribution payments to the plans. While M & S made some of the ordered payments, it did not make all of them. When M & S converted to Chapter 7 bankruptcy in 2005, the company owed the plans $117,500 in contribution payments and potentially additional payments for interest and liquidated damages under ERISA.

M & S also owed money to the bank. Before M & S filed for bankruptcy, the bank made several loans to M & S and a related company, Earl Brice Equipment L.L.C. The bank obtained a perfected pre-petition security interest in M & S's inventory, accounts and other rights to payment, general intangibles, equipment, and other collateral. During the reorganization, the bank received proceeds from M & S's accounts receivable.

The plans sought an order from the bankruptcy court requiring M & S's Chapter 7 trustee, James Killips, to show cause why he should not be found in contempt for failing to make contributions to the plans while M & S was in Chapter 11.[2] The bankruptcy court denied the motion, the district court dismissed the appeal concluding that an order to show cause was not a final appealable order, and a panel of this court dismissed for lack of jurisdiction. In re M & S Grading, Inc., 526 F.3d 363, 366 (8th Cir. 2008).

---

[2]Killips had been appointed Chapter 11 trustee on December 22, 2004. The case was converted to a Chapter 7 proceeding in June 2005. Killips remained as the Chapter 7 trustee.

-8-

The present appeal is based on arguments that Killips should be removed as a trustee or that the plans should be permitted to sue the bank on behalf of the bankruptcy trustee and on arguments contesting a grant of summary judgment in favor of the bank and M & S.

The bankruptcy court denied the plans' motion for removal of Killips as bankruptcy trustee. The bankruptcy court noted that in determining whether to commence litigation against the bank, Killips, as "the trustee[,] . . . weigh[ed] the merits of the action, the likelihood of success, the litigation costs, and the net benefit to the estate." The bankruptcy trustee exercised sound business judgment, consulted with competent bankruptcy counsel, and declined to commence litigation because it was likely to be unsuccessful. The district court also noted that the United States Trustee and the Internal Revenue Service, another creditor who would benefit from successful litigation, agreed. The bankruptcy court also rejected other grounds for removal of the bankruptcy trustee, finding that there was nothing improper about Killips's actions regarding the bank, that late filing of operating reports was not an adequate ground to remove a trustee, and that Killips did not have a conflict of interest. Furthermore, the bankruptcy court noted that even if Killips were removed as bankruptcy trustee and another trustee took every action the plans demanded, there still would not have been funds available to distribute to the plans. The bankruptcy court also denied the plans' motion to commence litigation on behalf of the trustee. The bankruptcy court noted that whether to file an action against a secured creditor is "within the business discretion of the trustee." The district court affirmed the bankruptcy court's denial of both these motions.

The bank filed a motion for partial summary judgment, which the bankruptcy court granted, deciding the limited issue that the unpaid plan contributions were not property of the plans. Specifically, the district court found that the unpaid contributions were employer contributions, not employee contributions, and were thus not plan assets. The district court affirmed, and the plans appeal.

II.

"We sit as a second court of review in bankruptcy matters" and review the bankruptcy court's factual findings for clear error and its legal conclusions de novo. M & S Grading, Inc., 526 F.3d at 367.

The plans raise several arguments in this appeal. They argue the unpaid contributions owed to the plans are not subject to the bank's priority interest. Second, the plans argue the bankruptcy court abused its discretion by denying the plans' motion to commence litigation against the bank to recover funds. Third, the plans argue that equitable subordination should apply. Fourth, the plans argue that the bankruptcy court abused its discretion in denying their motion to remove Killips as the trustee without a hearing.

A.

The plans argue that the unpaid contributions owed to the plans were not subject to the bank's priority interest because they were assets of the plans, not of M & S. The plans allege that the unpaid contributions were employee contributions, not employer contributions, and that the unpaid contributions were plan assets because M & S was twice ordered to make the plan contributions.

i.

The plans first assert the unpaid contributions were employee, not employer contributions and were thus not part of M & S's assets and not subject to the bank's priority interest. See Trs. of the Graphic Commc'ns Int'l Union Upper Midwest Local 1M Health and Welfare Plan v. Bjorkedal, 516 F.3d 719, 733 (8th Cir. 2008) (noting that, for the purpose of determining fiduciary obligations, funds were assets of the plans once the funds were withheld from employees' paychecks, distinguishing

employee contributions from employer-owned contributions, which are not plan assets). Bjorkedal involved a determination of whether a corporate officer breached his fiduciary duties to a plan, and the case is instructive because fiduciary duties attach only when the officer is managing assets of the plan, as opposed to assets of the corporation.

We hold in this case that the contributions were not employee contributions because, as the parties agree, the contributions were not withheld from the employee paychecks. See id. (noting that the funds not withheld from employees' paychecks were not plan assets). Employees did not directly make the plan contributions. M & S was to make the contributions, meaning the unpaid contributions were employer contributions. In making this determination, we recognize that when M & S increased its employer contributions (due to factors such as increases in health insurance premiums), it decreased employee wages by a like amount. We also recognize that the collective bargaining agreement provided that "[a]ny difference in contributions will be added to or deducted from the employees wages." The net effect was that the employees bore the burden of any increase in contributions over the agreed-upon base contract amount. Despite the economic reality, however, neither the base contributions nor the adjusted contributions were employee contributions because they were not deducted from employees' paychecks. See In re Popovich, 359 B.R. 799, 804 (Bankr. D. Colo. 2006) (distinguishing the economic reality from the definition of employee funds under the ERISA definition of a fiduciary and noting that "the fact that benefits are part of the 'wage package' does not make them the employees' funds"). As a matter of law, employees did not make the contributions, so the contributions are not employee contributions.[3]

---

[3]Because we conclude that the unpaid contributions are not plan assets, we do not reach the bank's alternative argument that the unpaid contributions belong to the bank because the plans are unable to trace their claims to specific funds.

-11-

ii.

The plans distinguish the instant case from <u>Bjorkedal</u>, a case where this court held unpaid employer contributions were not plan assets for the purpose of establishing whether an officer allegedly exercising discretionary authority over funds had a fiduciary duty to the plans. 516 F.3d at 732. In <u>Bjorkedal</u>, we determined that an officer was not personally liable for unpaid employer contributions because the officer was not making a fiduciary decision and was not wearing a "fiduciary duty hat" when he failed to make the payments. <u>Id.</u> at 732 (quotation omitted). This was because the officer was managing assets of the business, not of the plan. The plans argue that the instant case is different because M & S failed to follow two bankruptcy court orders requiring it to contribute to the plans. We are not persuaded by this distinction. While <u>Bjorkedal</u> did not involve a court-imposed obligation to contribute to the plan, the company in <u>Bjorkedal</u>, like M & S, was legally obligated to make contributions to the plan. Nevertheless, "[c]orporate assets do not become plan assets merely because an employer has a corporate obligation to make payments to the plan." <u>Id.</u> We have thus held that "[a] corporate officer facing limited cash flow" can "choose[] to pay corporate obligations in lieu of employer contributions to an ERISA plan" without breaching a fiduciary duty to the plan because unpaid corporate contributions are not assets of the plan. <u>Id.</u>; <u>see also</u> <u>id.</u> (citing <u>In re Luna</u>, 406 F.3d 1192, 1203 (10th Cir. 2005) as stating that "a contractual obligation to fund a plan is not a . . . decision regarding . . . plan assets"). Likewise, when M & S failed to make payments to the plans, the unpaid contributions remained corporate assets and did not become assets of the plan.

The plans cite <u>Armstrong v. Norwest Bank, Minn., N.A.</u>, 964 F.2d 797 (8th Cir. 1992), for the proposition that the orders requiring M & S to contribute to the plans are binding on Killian, as the bankruptcy trustee. <u>See</u> <u>id.</u> at 801 (noting the trustee is bound by acts of the debtor and by decisions of the court, even if the trustee was not present at the proceedings). <u>Armstrong</u>, however, merely provides that Killian, as the

bankruptcy trustee of M & S, cannot escape M & S's obligations based on the fact that he was not the trustee when M & S became obligated. As stated above, the issue in this case is not whether M & S has an obligation to contribute to the plan, but whether the unpaid contributions constitute plan assets. Armstrong is not instructive on this point, and the plans' reliance on it is misplaced.

B.

The plans assert the bankruptcy court abused its discretion by denying their motion to commence litigation against the bank. Generally only trustees "may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving . . . such property to the extent of any benefit to the holder of such claim." 11 U.S.C. § 506(c) (2006); see also Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000) (interpreting § 506(c)). We have, however, held that creditors may have derivative standing to pursue actions when a bankruptcy trustee is "unable or unwilling to do so." PW Enters. v. N.D. Racing Comm'n (In re Racing Servs.), — F.3d —, —, 07-1821 (8th Cir. Aug. 29, 2008). "[T]o establish derivative standing, a creditor must show: (1) it petitioned the trustee to bring the claims and the trustee refused; (2) its claims are colorable; (3) it sought permission from the bankruptcy court to initiate an adversary proceeding; and (4) the trustee unjustifiably refused to pursue the claims." Id. "To satisfy its burden, the creditor, at a minimum, must provide the bankruptcy court with *specific* reasons why it believes the trustee's refusal is unjustified." Id.

The bankruptcy court found the trustee decided not to pursue a claim after carefully considering whether to assert a claim and concluded that doing so was not in the best interests of the estate. The trustee's decision not to assert a claim was not because he was "unable or unwilling to do so." Id. We find that the trustee's failure to assert a claim was justified and that the court did not abuse its discretion in denying the plans' motion to commence litigation against the bank.

C.

The plans also argue the district court abused its discretion in not granting its equitable subordination claim under 11 U.S.C. § 510(c). We review the bankruptcy court's failure to apply equitable subordination for abuse of discretion. In re Racing Servs., Inc., 340 B.R. 73, 76 (B.A.P. 8th Cir. 2006). Equitable subordination would be appropriate if the following three conditions were present: (1) the bank engaged in inequitable conduct; (2) the misconduct injured the plans or resulted in the bank's unfair advantage; and (3) equitable subordination is not inconsistent with provisions of the Bankruptcy Code. Id.

The plans argue the bank engaged in inequitable conduct by "gaining control over Killips after he was appointed trustee" and that this control enabled the bank to receive payments and assets despite a stay order and in the absence of an accounting. The bankruptcy court determined that the plans did not carry their burden of establishing a genuine issue of material fact as to the bank's security interest, and we find the court did not abuse its discretion in reaching this conclusion. We find no evidence in the record of the bank gaining control over Killips. See Wegner v. Grunewaldt, 821 F.2d 1317, 1323 (8th Cir. 1987) (noting that equitable subordination requires fraudulent or inequitable activity). The bank had a validly perfected security interest in all of M & S's assets. The bank was in line to receive payments before the plans, and the bank's interest was not the result of inequitable conduct. Merely receiving preferential transfers is not inequitable conduct, even if those receiving the transfers are fiduciaries. Bergquist v. Anderson-Greenwood Aviation Corp. (In re Bellanca Aircraft Corp.), 850 F.2d 1275, 1282 (8th Cir. 1988). "[W]e decline to hold that receipt of a preference, without more, is the type of inequitable conduct that warrants subordination of a claim." Id.[4]

_____

[4]The bankruptcy court entered a number of cash collateral and other orders during the Chapter 11 proceeding that recognized the bank's validly perfected security interest in all of M & S's assets. The plans were a party to most, if not all, of those

We therefore decline to address the final two prongs in the equitable subordination claim. See Bellanca, 850 F.2d at 1282–83 ("Because the trustee has failed to persuade us that the lower courts were wrong in finding that [the claimants] did not engage in inequitable conduct, we find it unnecessary to address the two remaining prongs of the equitable subordination inquiry.").[5]

D.

The plans also appeal from the bankruptcy court's denial of their motion to remove Killips as the bankruptcy trustee. While the Bankruptcy Code provides that a hearing is required before a trustee can be removed, 11 U.S.C. § 324(a) (2006) ("The court, after notice and a hearing, may remove a trustee, other than the United States trustee, or an examiner, for cause."), the Code is silent on whether a hearing is required before a court can deny a motion to remove a trustee. See id. The plans rely on broad language from cases holding that a hearing is required before a trustee's removal See, e.g., In re Waller, 331 B.R. 489, 493 (Bankr. M.D. Ga. 2005) ("The Court may only consider removal of a trustee after notice and a hearing. Therefore, the Court will schedule a hearing date and order notice to be sent to all interested parties." (citation omitted)). The plans, however, have not cited to any case that holds a bankruptcy court must hold a hearing before denying a motion to remove a trustee. The bankruptcy court issued a detailed order denying the motion and addressing each

_____

proceedings and never raised any objection to the validity of the bank's security interest.

[5]We note that we have carved out an exception for tax penalty cases, holding that wrongful or inequitable conduct is not necessary for equitable subordination. Schultz Broadway Inn v. United States, 912 F.2d 230, 233 (8th Cir. 1990); see also In re of Lifeschultz Fast Freight, 132 F.3d 339, 347–48 (7th Cir. 1997) (citing Shultz Broadway Inn as an example of the tax-penalty exception to the rule that equitable subordination requires wrongful or inequitable conduct). This exception is inapplicable in the instant case.

of the nine alleged causes for removal of the bankruptcy trustee. The plans do not allege the bankruptcy court committed a factual error and do not indicate any evidence the bankruptcy court would have considered had it held a hearing. Furthermore, the record does not include evidence indicating the bankruptcy trustee should be removed. The bankruptcy court found Killips used sound business judgment in evaluating whether to litigate against the bank. The evidence does not suggest Killips should be removed as a trustee, and we find that the bankruptcy court did not abuse its discretion by denying the motion to remove him as a trustee without a hearing.

III.

We affirm.

_____