# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2067

_____

| | | |
|---|---|---|
| In re: Racing Services, Inc., | * | |
| | * | |
| Debtor. | * | |
| ------------------------------------------------ | * | |
| Kip M. Kaler, Chapter 7 Trustee, | * | |
| | * | Appeal from the United States |
| Appellant, | * | Bankruptcy Appellate Panel |
| | * | for the Eighth Circuit. |
| v. | * | |
| | * | |
| Susan Bala, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: February 13, 2009
Filed: July 2, 2009

_____

Before LOKEN, Chief Judge, MELLOY and BENTON, Circuit Judges.

_____

LOKEN, Chief Judge.

Racing Services, Inc. ("RSI"), provided simulcast (simultaneous broadcast) services to licensed off-track betting operators in North Dakota. RSI and Susan Bala, its president and sole shareholder, were indicted for federal gambling and money laundering violations. RSI petitioned for bankruptcy protection, and Kip M. Kaler was subsequently appointed as Chapter 7 bankruptcy Trustee. A jury convicted RSI and Bala in the criminal case. The district court sentenced Bala and entered forfeiture

judgments against Bala and RSI. With their appeal in the criminal case pending, Bala filed a Chapter 7 administrative expense claim seeking $110,218.54 in post-petition rent for Fargo office space owned by Bala and leased to RSI. After a hearing, the bankruptcy court allowed the claim but subordinated it to "all other allowed claims pursuant to 11 U.S.C. § 510(c)(1)." We will refer to this ruling as the "Subordination Order." The Eighth Circuit Bankruptcy Appellate Panel ("BAP") affirmed. In re Racing Servs., Inc., 340 B.R. 73 (B.A.P. 8th Cir. 2006).

In March 2007, we reversed the criminal convictions and forfeiture judgments. United States v. Bala, 489 F.3d 334 (8th Cir. 2007). Bala then filed and the bankruptcy court granted a motion to vacate the Subordination Order under Rule 60(b)(5) of the Federal Rules of Civil Procedure, made applicable to bankruptcy cases by Bankruptcy Rule 9024. The Trustee and the State of North Dakota, a substantial RSI creditor, appealed. Again the BAP affirmed. In re Racing Servs., Inc., 386 B.R. 751 (B.A.P. 8th Cir. 2008). The Trustee appeals. We affirm.

**I.**

Administrative claims for post-petition services to a bankruptcy estate have first priority when the assets of the estate are distributed to creditors. 11 U.S.C. §§ 503(b)(1)(A), 507(a)(1). However, § 510(c)(1) of the Bankruptcy Code authorizes the bankruptcy court to subordinate an allowed administrative claim to other claims "under principles of equitable subordination." Equitable subordination requires proof of inequitable conduct by the claimant that injured other creditors or conferred an unfair advantage. In re Bellanca Aircraft Corp., 850 F.2d 1275, 1282 (8th Cir. 1988). Fraud, illegality, and breach of fiduciary duty are misconduct that justifies equitable subordination. See Id. at 1282 & n.13; In re Missionary Baptist Found. of Am., Inc., 712 F.2d 206, 212 (5th Cir.1983). In the Subordination Order, the bankruptcy court subordinated Bala's administrative claim to all other creditor claims because -

> In causing RSI to engage in illegal activities resulting in its criminal convictions, Bala breached her fiduciary duty to RSI and engaged in unfair conduct. . . . Bala's use of the debtor to perpetuate criminal violations of federal gaming laws . . . resulted in the possible forfeiture of all of RSI's assets to the United States, and but for Bala's involvement of RSI in her criminal schemes, RSI likely would not have ended up in bankruptcy. Bala's involvement of RSI in illegal activity clearly injured RSI's creditors.

On appeal, the BAP agreed. 340 B.R. at 76-77.

After an argument hearing on Bala's Rule 60(b)(5) motion, the bankruptcy court granted relief and vacated its equitable subordination ruling because "the now nonexistent criminal conviction" had been critical to that ruling. The court declined the Trustee's request to reopen the matter to consider other evidence of inequitable conduct, observing that "whatever debt [Bala] had, she's more than paid it." The BAP affirmed, concluding that the Rule 60(b)(5) motion was proper and finding no abuse of discretion because, in equitably subordinating Bala's administrative claim, both the bankruptcy court and the BAP had "relied wholly on the Criminal Orders to satisfy the first two elements of equitable subordination." 386 B.R. at 754-55.

## II.

Bankruptcy court rulings under Rule 60(b) are reviewed for abuse of discretion. In re Kirwan, 164 F.3d 1175, 1177 (8th Cir. 1999). Here, the Trustee argues that Rule 60(b)(5) did not authorize the relief granted by the bankruptcy court, and therefore the BAP erred in reviewing the bankruptcy court's ruling for abuse of discretion, rather than *de novo*. "Nothing turns on this argument because a . . . court by definition abuses its discretion when it makes an error of law." Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc., 413 F.3d 897, 903 (8th Cir. 2005) (quotations omitted). Thus, we construe this argument as confirming that the Trustee does not appeal the

-3-

bankruptcy court's exercise of its discretion. The only issue is whether the court had legal authority to exercise that discretion.

Rule 60(b)(5) authorizes relief from a final order if the order (i) "has been satisfied, released or discharged," (ii) "is based on an earlier judgment that has been reversed or vacated," or (iii) "applying it prospectively is no longer equitable."[1] The Trustee argues that relief may not be granted under clause (ii) of Rule 60(b)(5) because the Subordination Order was not, in the words of various cases and treatises, "based on the prior judgment in the sense of claim or issue preclusion." 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2863, at 334-35 (1995); see 12 Moore's Federal Practice § 60.46[1] (2009) ("based on" means "the first judgment has claim or issue preclusion effects on the second"). With Rule 60(b)(5) relief unavailable, the bankruptcy court could grant relief after the criminal conviction and forfeiture judgments were reversed only under Rule 60(b)(2), which applies to "newly discovered evidence." But Bala's motion to vacate was filed more than one year after entry of the Subordination Order, so a Rule 60(b)(2) motion was time-barred. See Rule 60(c)(1). Therefore, the Trustee concludes, Rule 60(b) relief was unauthorized. Like the BAP, we disagree.

Clause (ii) of Rule 60(b)(5) has received little judicial attention and analysis. All agree that clause (ii) is not a broad exception to principles of finality:

> Rule 60(b)(5) does *not* provide a basis for relief when one judgment relies on an earlier judgment merely as legal precedent and that

---

[1]Neither party addressed whether the BAP's affirmance was a final order conferring appellate jurisdiction under 28 U.S.C. § 158(d). Though the Chapter 7 proceedings continue and we may raise this jurisdictional issue *sua sponte*, we see no reason to doubt that the order in question was appealable. See In re Flight Transp. Corp. Sec. Litig., 874 F.2d 576, 580 (8th Cir. 1989) (definitive ruling on whether a party is entitled to administrative expenses falls within the collateral order doctrine).

> legal precedent is subsequently set aside or overturned. A change in the law following a judgment does not merit relief under Rule 60(b)(5).

12 Moore's Federal Practice at § 60.46[2], citing cases from four other circuits. That principle is clear, but it is harder to define when clause (ii) *does* apply. Many cases, like the above-quoted treatises, have cross-referenced the law of issue and claim preclusion. See Schwartz v. United States, 976 F.2d 213, 217 (4th Cir. 1992), cert. denied, 507 U.S. 919 (1993); Klein v. United States, 880 F.2d 250, 258 n.10 (10th Cir. 1989); Tomlin v. McDaniel, 865 F.2d 209, 210-11 (9th Cir. 1989); Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987). Other cases have held that a decision was "based on" a prior judgment only if the prior judgment was "a necessary element of the decision, giving rise, for example, to the cause of action or a successful defense." Lubben v. Selective Serv. Sys. Local Bd. No. 27, 453 F.2d 645, 650 (1st Cir.1972); accord Bailey v. Ryan Stevedoring Co., 894 F.2d 157, 160 (5th Cir.), cert. denied, 498 U.S. 829 (1990); De Filippis v. United States, 567 F.2d 341, 343 n.4 (7th Cir. 1977), overruled on other grounds, United States v. Chicago, 663 F.2d 1354 (7th Cir. 1981).

The Trustee argues that the Subordination Order was not "based on" the criminal conviction and forfeiture judgments because subordination was not "required by" the preclusive effect of those judgments, nor were those judgments a "necessary element" of the equitable subordination remedy. We agree that, in the first proceeding, the Trustee used the conviction and forfeiture judgments "as probative evidence" of inequitable conduct that injured creditors, rather than as judgments whose collateral estoppel effect precluded litigation of the equitable subordination issue. Morse v. Comm'r, 419 F.3d 829, 833 (8th Cir. 2005). But the Subordination Order was in fact "based on" those prior judgments, in that they provided conclusive proof of inequitable conduct and injury to creditors, and those judgments could not be impeached or collaterally attacked until reversed by this court. As reversal did not occur until relief under Rule 60(b)(2) was time-barred, the BAP concluded that Rule 60(b)(5) relief should be available.

There are a few cases suggesting that clause (ii) may be applied beyond the four corners of issue or claim preclusion, but we acknowledge that this situation does not fit neatly within the prior authorities construing and applying clause (ii). See Bagley v. Comm'r, 121 F.3d 393, 395 n.4 (8th Cir. 1997) (district court could likely use Rule 60(b)(5) to reinstate invasion-of-privacy award dismissed as duplicative of libel award, if the libel claim ultimately failed); Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984) (relief available under clause (ii) if judgment sought to be vacated was entered simultaneously with the prior judgment even if res judicata or collateral estoppel were not applied). We conclude that we need not decide whether clause (ii) reaches this situation because relief was available under clause (iii) of Rule 60(b)(5), which authorized relief if "applying [the Subordination Order] prospectively is no longer equitable."

An order has "prospective application" within the meaning of clause (iii) if "it is executory or involves the supervision of changing conduct or conditions." Twelve John Does v. District of Columbia, 841 F.2d 1133, 1139 (D.C. Cir. 1988) (quotations omitted). This subpart of Rule 60(b)(5) "encompasses the traditional power of a court of equity to modify its decree in light of changed circumstances." Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 441 (2004).

The Trustee's briefs largely ignored this issue, simply asserting that clause (iii) does not apply because "the subordination would not be considered a prospective judgment." We disagree. Bankruptcy courts are courts of equity, and subordination is an equitable remedy. Farmers Bank of Clinton, Mo. v. Julian, 383 F.2d 314, 322 (8th Cir.), cert. denied, 389 U.S. 1021 (1967). The Subordination Order had a prospective application -- it governed future distributions of the bankruptcy estate's assets to RSI creditors.[2] In Kirwan, we held that Rule 60(b) authorized the bankruptcy

[2]Only this prospective application was affected by the Rule 60(b)(5) relief granted. If Bala had sought an order requiring repayment of prior distributions that were based on the Subordination Order, the equities would have been significantly

court to reconsider a prior order whose prospective application would inequitably preclude lifting the automatic stay of a creditor's fraud action.  164 F.3d at 1177-78.  In <u>In re Hendrix</u>, 986 F.2d 195, 196-99 (7th Cir. 1993), the Seventh Circuit held that Rule 60(b)(5) authorized the bankruptcy court to modify the inequitable prospective effects of its discharge order.  Consistent with these authorities, we conclude the bankruptcy court had equitable discretion to modify the prospective application of the Subordination Order under clause (iii) of Rule 60(b)(5).

The judgment of the Bankruptcy Appellate Panel is affirmed.  The Trustee's motion to supplement the record is denied.

_____

different, though relief from the prior Order might still have been appropriate.